UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

WES PEARCE, Individually,

    Plaintiff,

vs.                       CASE NO: 18-2074

Sai Ram Hotels, Inc.

DBA Quality Inn Suites

    Defendant

*US DISTRICT COURT WESTERN DIST ARKANSAS FILED APR 20 2018 DOUGLAS F. YOUNG, Clerk By _____ Deputy Clerk*

## COMPLAINT

Plaintiff, Wes Pearce (hereinafter "Plaintiff") by and through undersigned counsel, hereby sues the Defendant, Sai Ram Hotels, Inc. DBA Quality Inn Suites a Domestic Company (hereinafter "Defendant"), for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181et seq. ("ADA"). In support thereof, Plaintiff states:

1.     This action is brought by Wes Pearce, and all persons similarly situated, pursuant to the enforcement provision of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C 12188(a) against the owners and/or operators of the Quality Inn Suites.

2.     This Court has jurisdiction pursuant to the following statutes:

    a.    28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

    b.    28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

    c.    28 U.S.C. §1343 (3) and (4), which give District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.    Venue is proper in this judicial district and division, the Western District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Arkansas. Defendant does business in the State of Arkansas, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.    Plaintiff Wes Pearce is a resident of Lincoln Nebraska, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5.    Plaintiff Wes Pearce is a disabled veteran substantially limited in performing one or more major life activities, including but not limited to hearing loss and mobility issues

6.    Plaintiff Wes Pearce was traveling from his home in Nebraska to Florida.

7.    Plaintiff Wes Pearce was a patron at the Quality Inn Suites, located at 439 US Hwy 71 N, Alma, AR 72921.

8.    Quality Inn Suites is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9. Defendant owns, leases to, or operates the Quality Inn Suites, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10. Plaintiff realleges paragraphs on (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11. Plaintiff was a patron at Quality Inn Suites beginning April 23, 2015.

12. In the early morning hours of April 24, 2015 Plaintiff went to his vehicle to retrieve an item from his vehicle, which was parked in a handicap parking space that lacked the appropriate signage.

13. The entry area of Quality Inn Suites was dimly lit, the curbing around his handicap space was unmarked and improper.

14. Due to a combination of the above, Mr. Pearce tripped and fell off the curb. As a result of that fall he sustained multiple fractures of the ribs and contusions on his left side.

15. Plaintiff, upon visiting the property, personally suffered discrimination because of his disability.

16. There are several elements and spaces that Plaintiff personally encountered and which discriminated against him based upon his disability, such as:

    a. Improper signage for the handicap spaces

    b. Unmarked curb

  c. Incorrect curbing

  d. Lack of handicap spaces in one of the parking areas

  e. No ramp

  f. Lack of a non-slip surface

17. The discriminatory violations described in paragraph 16 of this Complaint are not an exclusive list of the Defendant's ADA violations. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

18. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, the opportunity to use such elements, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

19. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Wes Pearce has standing to require that all barriers to access on the property for the mobility impaired are corrected, not merely only those Wes Pearce personally encountered.

20. Defendant's failure to remove the architectural barriers identified in paragraph sixteen (16) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188(b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

21. It would be readily achievable for the Defendant to correct the issues identified above.

22. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to an useable by individuals with disabilities as defined by the ADA.

23. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq.

24. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

25. Wes Paul has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 16 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendant.

26. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

27. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if the Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 121888, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time such time as the Defendant cures its violations of the ADA.

30. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court,

Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

## COUNT II

31. Plaintiff Wes Pearce realleges paragraphs one (1) through thirty (30) of this Complaint and incorporates them here as if set forth in full.

32. Defendant Quality Inn Suites owed Plaintiff a duty to provide nondiscriminatory, safe access to the business premises.

33. Defendant Quality Inn Suites negligently violated that duty by failing to provide nondiscriminatory, safe access to the business premises.

34. Defendant Quality Inn Suites knew, or should have known, that the failure to provide nondiscriminatory, safe access to the business premises created unreasonable risk of injury to persons with disabilities.

35. Defendant Quality Inn Suites knew or should have known that person with disabilities would attempt to access its business premises.

36. As a direct and proximate result of the violations alleged above. Plaintiff sustained damages, including painful broken ribs… These injuries … and it was necessary for Plaintiff to receive medical care and treatment and incur expenses relating thereto.

37. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.  Declare that Defendant has violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.E. pt. 36.

   i.  by failing to bring the Quality Inn Suites into compliance with the Standards where it is readily achievable to do so;

   ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards; and

   iii. by failing to train and educate their employees regarding the ADA.

B.  Order Defendant:

   i.  to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

   ii. to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.  Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.  Order Plaintiff Wes Pearce actual and compensatory damages in compensation for negligent causation of personal injury.

E.  Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

*[signature]*

Rinda Baker

PO Box 700

Alma, AR  72921

(479) 632-8777

(479) 632-6545